IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SCOTT GENE JACKSON, 1360438, )
       Petitioner, )
       )
v. ) No. 3:09-CV-328-B
       )
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
       Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On January 31, 2006, Petitioner was convicted of assault on a public servant and sentenced to ninety-nine years confinement. *State of Texas v. Scott Gene Jackson*, No. F06-0001-S (282nd Dist. Ct., Dallas County, Tex., Jan. 31, 2006). On December 5, 2006, the Fifth Court of Appeals affirmed Petitioner's conviction and sentence. *Jackson v. State*, No. 05-06-190-CR (Tex. App. – Dallas, pet. ref'd). On June 13, 2007, the Texas Court of Criminal Appeals

denied Petitioner's petition for discretionary review.

On September 2, 2008, Petitioner filed a state habeas petition. *Ex parte Jackson*, No. 31,960-02. On January 28, 2009, the Texas Court of Criminal Appeals denied the petition without written order.[1]

On February 17, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) The jury instructions were defective;

(2) He received ineffective assistance of counsel;

(3) Unlawfully seized evidence was introduced;

(4) His right to confrontation was abridged;

(5) The prosecutor commented on his failure to testify;

(6) He was unlawfully arrested; and

(7) The evidence was insufficient.

On April 29, 2009, Respondent filed his answer arguing that the petition is barred by limitations. On July 11, 2011, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

**II. Discussion**

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

---

[1] Petitioner filed two identical copies of his state habeas petition, which were treated as separate applications. The Court of Criminal Appeals denied the second application on March 4, 2009. *Ex parte Jackson*, No. 31,960-03.

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On June 13, 2007, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on September 11, 2007 . *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until September 11, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On September 2, 2008, Petitioner filed a state habeas petition. At the time he filed his petition, nine days remained on the federal limitations period. The state petition tolled the limitations period until January 28, 2009, when the Court of Criminal Appeals denied the petition. Petitioner then filed his federal petition twenty days later, on February 17, 2009. The federal petition was therefore filed eleven days late.

**B.     State Court Impediment**

Petitioner argues a state created impediment under § 2244(d)(1)(B) prevented him from timely filing his federal petition. To satisfy this section, Petitioner must show (1) a state-created impediment (2) that violates the Constitution or laws of the United States and (3) prevents the filing of an application for writ of habeas corpus.

Petitioner states he gave his state court petition to prison officials for mailing on Friday, August 22, 2008, but the petition was not file-stamped by the state court until eleven days later on Tuesday, September 2, 2008. Petitioner's state petition, however, is not considered filed as of the date he tenders the petition to prison officials. This "mail-box rule" only applies to federal petitions. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). Petitioner has therefore failed to show a state court impediment regarding the filing date of his state petition.

**C.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Although Petitioner is not entitled to statutory tolling regarding his claim that his state court petition was not timely filed by the state court, the Court will examine whether equitable tolling applies. *See Coleman*, 184 F.3d at 402 ("[W]hen a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1).").

Petitioner states he tendered his state habeas petition to prison officials for mailing on August 22, 2008. The state court filed the petition eleven days later on September 2, 2008. Petitioner states this delay caused his federal petition to be filed eleven days late. For the federal petition to be timely, this Court would be required to grant equitable tolling from the date Petitioner handed his state petition to prison officials on August 22, 2008, to the date the state court filed the petition on September 2, 2008. Petitioner, however, has not shown he was actively misled by the state regarding his cause of action, or that he was prevented in some extraordinary

way in asserting his rights. He has not explained why he waited almost an entire year before filing his state petition, leaving little time to file his federal petition. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has failed to establish he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 20th day of July, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).